UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANITA TIESKOTTER,<br><br>                Petitioner,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security Administration,<br><br>                Respondent. | Case No. 2:11-cv-00429-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Anita Tieskotter ("Petitioner") seeks review of the Commissioner of the Social Security Administration's final decision denying Petitioner's application for social security disability benefits under Title II of the Social Security Act. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record ("AR"), and for the reasons that follow, will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for social security disability benefits on February 3, 2009, alleging that she had been disabled and unable to work since April 2, 2008, due to moderate cervical spondylosis and degenerative moderate joint disease of the hands. The application was denied initially and on reconsideration, and hearings took place on April 26, 2010, and July 26, 2010, before Administrative Law Judge ("ALJ") R.J. Payne. The ALJ issued a decision finding Petitioner not disabled on August 5, 2010, and Petitioner timely requested review by the Appeals Council.

The Appeals Council denied Petitioner's request for review on July 19, 2011, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 416.1481 and 422.210; *See also, Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 fn. 1 (9th Cir. 2004) ("Where, as here, the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner."). Petitioner timely filed an appeal of the Commissioner's final decision to this Court on September 15, 2011. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

During the first hearing--held on April 26, 2010--medical expert Dr. Harvey Alpern indicated that the medical evidence in the record was insufficient to make a determination as to Petitioner's medical conditions. (AR 76.) Based on Dr. Alpern's testimony, the ALJ postponed the proceedings so that the record could be supplemented. (AR 79.) At the second hearing--held on July 26, 2010--Petitioner was represented by

**MEMORANDUM DECISION AND ORDER - 2**

counsel and testified on her own behalf. The ALJ also heard testimony from medical expert Thomas Mcknight, Jr.

Based upon the findings that Petitioner had the residual functional capacity to perform a wide range of sedentary work as defined in 20 C.F.R. 404.1567(a) and that Petitioner was capable of performing past relevant work as a telemarketer, the ALJ concluded that Petitioner was not disabled within the meaning of the Social Security Act. (AR 11.)

Petitioner was born in 1960 and was 50 years of age at the time of both hearings before the ALJ. Petitioner did not graduate from high school, ending her education after the 8th grade, and reported having past relevant work experience as a bartender/waitress and customer service representative.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity after her alleged onset date. (AR 13.) At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found that Petitioner had the following severe impairments within the meaning of the Regulations: moderate cervical spondylosis and degeneration and moderate joint disease of the hands. (AR 13.)

**MEMORANDUM DECISION AND ORDER - 3**

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. (AR 16.) If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's Residual Functional Capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ determined that Petitioner had the RFC to perform a wide range of sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to the caveat that Petitioner could not do activities requiring her to reach overhead or activities requiring significant grasping/gripping and other strenuous activities of the hands and fingers. (AR 16.)

At step four, the ALJ found Petitioner was able to perform past relevant work as a telemarketer. (AR 18.) Based on that finding, the ALJ concluded that Petitioner was not disabled within the meaning of the Social Security Act from the time of her alleged onset of disability date through the date of the decision. (AR 19.)

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental

**MEMORANDUM DECISION AND ORDER - 4**

impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, when the evidence can reasonably support either affirming or reversing the Commissioner's decision, the Court "may not substitute [its] judgment for that of the

**MEMORANDUM DECISION AND ORDER - 5**

Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Ninth Circuit has instructed the district courts that the "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that [the] claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). "Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

Petitioner challenges the ALJ's decision on a single issue, arguing that the ALJ improperly rejected the RFC assessment completed by Petitioner's treating physician. Based on this alleged error, which Petitioner claims tainted the entire decision, Petitioner asks the Court to reverse and remand the decision for further proceedings. For the reasons discussed below, given the legal standard the Court is required to employ relative to the rejection of a treating physician's opinion, Petitioner's request will be denied and the ALJ's decision will be affirmed

1.   **Dr. Kraus' Opinion**

In support of her application for social security disability benefits, Petitioner submitted an Arthritis Residual Functional Capacity Questionnaire completed by her treating physician Dr. Angelika Kraus. (AR 319.) In the Questionnaire, Dr. Kraus gave the following opinions concerning Petitioner's limitations: she could sit for up to 15 minutes at a time but less than 2 hours a day, stand for 30 minutes at a time but less than 2

**MEMORANDUM DECISION AND ORDER - 6**

hours a day, and would need to take around 5 unscheduled breaks during the workday (AR 321); she would need 20 to 30 minutes of rest after unscheduled breaks before returning to work, (AR 322); she could rarely lift weight of less than 10 pounds, could never lift more than 10 pounds, and would likely be absent from work more than four days per month as a result of her impairments or treatment. (AR 322-23.) These findings, if accepted by the ALJ, would have required a finding that Petitioner was not capable of performing even sedentary work, i.e., that Petitioner was disabled.

The ALJ rejected the RFC assessment completed by Dr. Kraus, stating that it was "unsupported by any and all evidence." (AR 18.) Petitioner takes issue with this statement, calling it "an absolute statement, of an absolute fact which is clearly wrong based on the significant evidence contained in the record." (*Pet'r Br.* at 5, Dkt. 17.) While the ALJ's statement may come close to hyperbole, the standard of review is not whether a given statement is accurate, but whether the ALJ's ultimate rejection of Petitioner's treating physician's opinion is supported by specific and legitimate reasons. For the reasons discussed below, the Court finds that it is.

2.  Analysis

Case law from the United States Court of Appeals for the Ninth Circuit distinguishes among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). The opinions

**MEMORANDUM DECISION AND ORDER - 7**

of treating physicians are generally given greater weight than those of other physicians because of the treating physicians' knowledge of the claimant's condition. *Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001). However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is not supported by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also*, *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may reject the treating physician's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**MEMORANDUM DECISION AND ORDER - 8**

As a preliminary matter, Petitioner does not appear to dispute that Dr. Kraus' RFC assessment is contradicted by the opinions of examining physicians Robert Rust and Rob Fuller. Dr. Rust evaluated Petitioner on June 2, 2009. (AR 222.) Dr. Rust noted that Petitioner's hands did show evidence of osteoarthritis, "but they do not appear to be disabled from the arthritis itself." (AR 223-24.) Contrary to Dr. Kraus' RFC assessment, Dr. Rust found Petitioner's "ability to sit, stand, [and] walk [were] probably not limited," (AR 224), that Petitioner could occasionally lift 20 pounds, frequently lift 10 pounds, stand and or walk (with normal breaks) for a total of 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (AR 226.) Dr. Rust noted that, based on his examination, Petitioner "seemed to exaggerate her limits via positive Waddell sings axial rotation and axial pressure" (AR 226) and his "overall assessment" was that, "although [Petitioner] has disabilities, particularly related to her neck and moderately severe arthritis of her hands . . . the en toto picture for this patient does not seem to disable her from sedentary occupations." (AR 224.)

Because Petitioner's treating physician's opinion was contradicted by other medical opinions in the record, the ALJ was required to provide "specific and legitimate reasons" for rejecting those opinions. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983).

The ALJ listed several reasons supporting the rejection of Dr. Kraus' opinion. First, the ALJ discussed the examination reports of the two examining physicians in this case. (AR 14, 15.) As mentioned above, Dr. Rust examined Petitioner and, based upon

**MEMORANDUM DECISION AND ORDER - 9**

clinical tests and observations, found that her reported limitations were exaggerated and that her arthritis would not preclude sedentary work. The ALJ also discussed the evaluation of Dr. Rob Fuller, who examined Petitioner in June of 2010. (AR 15, 307.) Dr. Fuller provided the following diagnostic impression: "Ms. Tieskotter complained constantly during the exam that she has 'worked enough and am too old to work any more'. Although she does have some clinical findings as described above none of these would exclude her from numerous types of employment." (AR 309.) The findings of the examining physicians, when viewed along with the other evidence in the record supporting the physicians' conclusions, were legitimate reasons to reject the RFC assessment submitted by Petitioner's treating physician. *See Batson*, 359 F.3d at 1195; *Connett*, 340 F.3d at 874-75.

      The ALJ also referenced Petitioner's daily activities, noting that Petitioner testified that she had no restriction in driving, she assisted with caring for her grandchildren, she watched up to 7 hours of television a day, and she cared for pets. These activities were inconsistent with Dr. Kraus' opinion and were specific and legitimate reasons to reject Dr. Kraus' opinion. *See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999) (holding claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for friends child was evidence of claimant's ability to work). The ALJ noted that Petitioner testified that she experienced average pain of 7 out of 10 on a 1-10 scale, which the ALJ found consistent with the examining physicians' report that Petitioner exaggerated her symptoms. The ALJ noted that Petitioner testified that she left her job because she did not

**MEMORANDUM DECISION AND ORDER - 10**

see "eye to eye" with her employer and was not receiving as many hours as requested rather than her limitations. These reasons were consistent with the examining physicians' opinions and were specific and legitimate reasons to reject Dr. Kraus' opinion.[1]

In light of the above evidence in the record, all of which was discussed in the ALJ's decision, the ALJ found that Dr. Kraus' RFC assessment was not supported by the record. The fact that Dr. Kraus' opinion was not supported by the record as a whole is a legitimate reason for rejecting the opinion. *See Morgan*, 169 F.3d at 601 (holding that an opinion may be rejected because it is unreasonable in light of the other evidence in the record); *See also*, *Reddick*, 157 F.3d at 725 (Conflicting clinical evidence is a legitimate reason for rejecting a treating physician's opinion). If the Court were reviewing the record under a de novo standard of review, it well may have reached a different conclusion than the ALJ. That, however, is not the standard. The Court may not disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Kraus and must be upheld.

---

[1] The ALJ also noted that Petitioner sought minimal treatment and that Dr. Kraus' opinion was 'solicited' as reasons for rejecting the RFC assessment. The fact that Dr. Kraus' opinion was 'solicited' is not a legitimate reason for rejecting the assessment. *Lester*, 81 F.2d at 832. The fact that a claimant fails to seek treatment has been viewed as a legitimate reason to reject an assertion of disability, but not if there is evidence in the record that the reason the claimant failed to seek treatment was due to financial reasons. *See Fair v. Bowen*, 885 F.2d 597, 608 (9th Cir. 1989); *Lester*, 81 F.3d at 821. Here, there is evidence in the record that Petitioner did not seek at least some treatment for financial reasons. The Court therefore will not treat Petitioner's failure to seek treatment as a legitimate reason for rejecting Dr. Kraus' opinion in this case.

**MEMORANDUM DECISION AND ORDER - 11**

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.



DATED: March 7, 2013

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**